COONS AND OTHERS V. RENICK.

Original papers which are the property of the United States, and in the custody of
her officers, cannot be obtained, for the purposes of evidence in a controversy to
which the United States is not a party ; and they may therefore be proved by
examined copies.

Where there is a partnership, and one of the partners or his agent, employs a person
to perform labor in carrying out the common object of the partnership, and the
person so hired performs the labor, the partners are all bound for the payment of
the hire, no matter what the agreements of the partners, among themselves, may
have been.

Appeal from Bexar. Renick sued Coons, Lewis & Groes-
beck for services as a teamster, from Bastrop to Indian-
ola, thence to El Passo and back to San Antonio. Lewis
and Groesbeck denied the hiring ; and, as it was sought to
charge them as partners of Coons, denied the partnership.
The evidence was, that the plaintiff was employed, on the
28th March, 1850, by a person representing himself as the
agent of Coons, Lewis & Groesbeck ; and that he performed
the services of a teamster, as alleged. In order to prove the
partnership, the plaintiff filed an affidavit that the contract
between the defendants and the government for the transpor-
tation of stores to El Passo (under which the train was freight-
ed) was not in his possession or control ; that it was held by
the government of the United States, and he believed that the
defendants had a triplicate copy of it. He then produced a
copy certified to by. Maj. Babbitt ; and Maj. Babbitt, being
sworn, stated that it was a true copy from one of the triplicates
in his possession. To the admission of this contract, in evi-
dence, the defendants excepted ; but it was not objected that
the plaintiff should have given the defendants notice to pro-
duce the triplicate which was in their possession. The con-
tract was a joint contract of Coons, Lewis & Groesbeck, with
the government, and bore date April 13, 1850. There was

some other testimony as to the fact of partnership. The defendants Lewis and Groesbeck introduced evidence to show that after the train was started, their teams and those of Coons were put under different Captains, and that separate accounts were kept with the quartermaster, &c.

The Court charged the jury as follows :

Gentlemen of the jury, The plaintiff sues Lewis, Groeskeck and Coons for services as a teamster, in going from Bastrop to Indianola, from there to El Passo, and back to San Antonio, and alleges an indebtedness in his favor of $240. If, from the evidence, you believe that Lewis, Groesbeck and Coons entered into a contract with the government of the United States, for the transportation of military stores from Indianola to El Passo, and that the plaintiff, Renick, was employed by one of the partners or his agent to act as a teamster in the carrying out of their common object, (the transportation of the stores to El Passo,) and that he performed the duties or labor of a teamster, in carrying out the common purpose of the association :—then you will find a verdict in favor of the plaintiff, for the sum you believe he hired for, or the amount you believe those services to have been reasonably worth. Partners may enter into whatever agreement they please, between themselves, and it is binding upon them ; but the act or contract of one of the partners, (so far as other persons may be interested) is binding upon all the members of the firm, if the act or contract be connected with, or legitimately grows out of, the partnership business.

Instructions asked for by the defendants, and refused by the Court.

1st. If the jury believe from the evidence, that plaintiff was hired as a teamster, specially by Coons or his agent, and that his services were expended solely upon his (Coons') portion of the train, and that Coons and Lewis and Groesbeck had separate trains united in the enterprise to El Paso, and that each was separately liable for the expenses of their respective portions of the united train ; then the jury must find for the defendants Lewis and Groesbeck.

2nd. If the jury believe that plaintiff made a contract as teamster, with Coons alone, then Coons alone is liable to him.

There as a verdict and judgment for the plaintiff. Motion for new trial overruled.

*J. Denison* and *I. P. Jones*, for appellants.

*I. A.* and *G. W. Paschal*, for appellee.

LIPSCOMB J. The appellants assign the following errors:

1st. The Court erred in admitting as evidence, the copy of the contract between Major Babbitt and the appellants.

2nd. The Court erred in its general charge to the jury.

3rd. The Court erred in refusing to give the charges asked by the appellants.

4th. The Court erred in refusing to grant a new trial.

To consider the errors in the order in which they have been presented, The statement of facts shows that the plaintiff in the Court below offered in evidence, a copy of a contract entered into between Major Babbitt, U. S. Quarter Master at San Antonio, and the appellants, for the transportation of military stores, which copy was certified to by Major Babbitt as correct. It was proven by Major Babbitt, that the contract was signed in triplicate, and that one of the originals was on file in the Qurter Master's Department in San Antonio; that he had no doubt, the copy produced was a true and faithful copy of the original, which he had control of in his office. Whether this was competent evidence is the matter to be enquired into. If the original could have been procured, it would have been primary evidence, and the failure to introduce it would not have let in secondary evidence. If the original was beyond the control of the party, a copy would be admissible; or any other kind of secondary evidence of its contents. (See Note, Greenleaf Evidence, Section 84.) If the Quarter Master General could have been compelled to produce the original,

under his control in the Quarter Master's Office at San Antonio, by a process of the Court, it ought to have been so produced. If the contract had been any private paper or document, it is believed that Major Babbitt might have been compelled to bring it into Court, under a *subpœna duces tecum*. If it however is to be regarded as a public document, which he, as an officer of the government, is required to keep, the production of the original would be dispensed with, and secondary evidence could be resorted to. We apprehend, that from the character of the contract, it would be considered of a public character, in which the interest of the government was concerned, and one important to be preserved in the office of the Quarter Master at San Antonio. Mr. Starkie, in discussing the propriety of the rule rejecting secondary evidence, when primary evidence could be procured, says, "So, where " a document is of a public nature, a copy of it is evidence ; for " the production of the original is dispensed with, on account " of the inconvenience that would result from the frequent re- " moval of public documents; and consequently, the absence of " the original affords no presumption of fraud." (1 Starkie, 392.) If Major Babbitt could be required to appear and produce the original in one of the Courts, he would be equally liable to attend, with his original contract, all over the State, to the great hazard of a loss of the document, as well as to the great inconvenience of those interested in the contract, from its being removed from the office of the Quarter Master General. It is impossible to foresee the extent of the inconvenience to the public service, if the rule should be laid down, that the Qurter Master could be called from his service, where his presence might be constantly necessary, to go with a document, not his own but belonging to the government. The reason of the rule requiring the original to be produced, is founded on the apprehension that to dispense with the primary, and resort to secondary evidence, would open a door for fraud ; but, when it is clear, from the circumstances, that no suspicion of fraud could arise, and a great inconvenience would be the conse-

17

quence of requiring the production of the primary evidence, it should be dispensed with.

In this case, it is not perceived that there would be the slightest danger of fraud or injury resulting from permitting the secondary evidence to be resorted to. It appears that the contract, sought to be proven, is one in which, in this case, Major Babbitt could not have the remotest interest in withholding its contents ; nor had the government, he represented, any interest in the question. The contract was really with the government, through him ; and no liability could accrue against him or the government, let the result of this suit be a decision for the one party or the other. We must presume that the proper place for the deposit of the contract, is with the Quarter Master General ; this presumption arises from the nature of the contract; and if Major Babbitt should be transferred to other service, that it would properly belong to the office, and its custody would devolve upon his successor ; and in all such cases, the primary evidence ought not to be required, neither by *subpœna duces tecum*, nor by an order of Court, when the contents of the original could be proven. Having arrived at the conclusion, that the original contract could be dispensed with, and secondary evidence resorted to, there is no doubt but the copy was sufficiently proven by Major Babbitt; not by his certificate to the copy, but by his evidence upon the trial, when placed as a witness upon the stand. The degree of credit given to it when permitted to go to the jury, in proving the copartnership of the defendants, was a question, then, for the jury alone to decide.

In answer to the second assignment, it may be answered, that, to allege that the Court erred in its general charge to the jury, is too general for an assignment of errors. The assignment should have pointed to the particular portion of the charge objected to and suppposed to be erroneous. On looking into the charge, however, we are unable to perceive any apparent error.

The third assignment embraces the charges asked by the

defendants, and refused by the Court. This error is not sustainable; the charges prayed were not warranted by the statement of facts; moreover, if there was a partnership in the enterprise—and the proof as to that fact is clear—it was wholly immaterial what the arrangement, as to the several duties of each, may have been, between the parties themselves; they would be liable as partners, and it is not material which one of them employed or engaged the services of the plaintiff. The services being rendered, all the partners became liable for the payment. If the charge, refused, had gone further, and asked the Court to charge the jury, that if there was no partnership, then the direction asked would be the conclusion of law, as to the liability of the parties, it should have been given. The charge, as asked, could only have been given, on the assumed hypothesis, that there had been a failure to prove the partnership. This hypothesis, the Court had no right to assume.

The fourth assignment can avail the appellants nothing. In overruling the motion for a new trial, the Court did not err, as the verdict is not believed to have been either contrary to law or the evidence. There was proof of the partnership in the enterprise of transporting the military stores, and there was proof that the plaintiff performed services as a teamster in the transportation of those supplies, and there was proof of the value of his services,—the jury found the value of the services rendered, and there is no ground perceived why their verdict should be disturbed.

Judgment affirmed.