MISSOURI PACIFIC RAILWAY COMPANY v. R. S. GERNAN & CO.

No. 3115.

1. **Domestic and Foreign Freight Contracts.** — The opinion in Railway v. Sherwood, Thompson & Co. (ante, p. 125), adhered to.

2. **Declarations of Claim Agent.** — See facts showing the extent and scope of the authority of a claim agent of the railway company held sufficient to render the reports made up by such agent binding as admissions against the railway company.

3. **Secondary Evidence.** — It being shown that the original of a document was without the State, it was competent to introduce a copy of such instrument. See facts.

4. **Testimony to Value.**—See testimony held competent and sufficient to prove weights and value of certain cotton bales destroyed by fire, in suit for value thereof.

APPEAL from Dallas. Tried below before Hon. R. E. BURKE. No statement is necessary.

*Alexander & Clark,* for appellant.

*Leake, Shepard & Miller,* for appellees.

TARLTON, JUDGE, *Section B.*—This suit was instituted in the District Court of Dallas County July 30, 1888, by appellees, against appellant. The suit was brought to recover the sum of $5028, besides interest, the alleged value of 100 bales of cotton, of which 28 bales were shipped from Farmersville, Texas, and 72 bales from Whitewright, Texas, to Liverpool, England, over the lines of the appellant and its connecting carriers.

The pleadings in the cause, the issues growing out of them, and the error assigned with reference to them, present the identical question passed upon by us in the case of The Missouri Pacific Railway Company v. Sherwood, Thompson & Co., recently disposed of by us. For reasons stated in our opinion in that case, the court erred in sustaining the plaintiffs' special exception to the defendant's answer. The error thus committed will require a reversal of the judgment. There are, however, other questions presented, which, in view of another trial of the case, merit consideration.

The cotton involved was shipped and consigned by A. Fulton & Co., of Sherman, Texas, to appellees, at Liverpool, England. A bill of lading was executed and delivered by appellant to A. Fulton & Co., and by the latter firm assigned to appellees. For the purpose of proving that the cotton was burned November 14, 1887, at Greenville, Texas, after delivery to appellant, appellees read in evidence a copy of a statement, made in December, 1887, or between November 14, 1887, and March 1, 1888, by C. H. Dent, to A. Fulton & Co., showing the amount of cotton shipped by A. Fulton & Co., and destroyed by fire at Greenville, November 14, 1887. In connection with this copy, it was shown

that the original had been sent to George H. McFadden & Bro., of Philadelphia; that the copy was a true and correct copy of the original; that C. H. Dent was the general freight claim agent of the Missouri Pacific Railway Company at the time the cotton was burned; that he acted in the examination of claims against the company, which paid them off on his report. It was shown that Dent was advertised as the general freight agent of the company; that he always signed his name as such.

Plaintiffs also read in evidence a letter, as follows:

"THE MISSOURI PACIFIC RY. CO.
"Operated and Leased Lines.        "Freight Claim Department.
"Claim No. C. 35931.        "ST. LOUIS, MO., Mar. 10, '88.

"*Mess. A. Fulton & Co., Sherman, Texas:*

"GENTLEMEN—We beg to return herewith all papers in your claim for $1220.61, value of twenty-eight bales of foreign cotton, burned in Greenville, Texas, compress, November 14, 1887. This matter has been carefully considered by the management, with the result that the company can not entertain the claim. The facts are, that this company is not responsible, negligently or otherwise, for the fire that consumed the cotton. Claim is therefore respectfully declined.

"Yours truly,

[Signed] "C. H. DENT,
"Freight Claim Agent."

A. Fulton, of the firm of A. Fulton & Co., and E. H. Crenshaw, their bookkeeper, testified by deposition, that they had no personal knowledge of the burning of the cotton; that their knowledge of the matter was obtained from the statement of Dent and the letter set out and attached to their answers.

To these several items of evidence objection was made, and is here insisted on for the following reasons: 1. That the statement is secondary evidence, as it purports to be only a copy. 2. That the original, if produced, would not be res gestæ, and could not bind defendant. 3. That the letter does not relate to the claim sued upon, is not res gestæ, and is simply a refusal of C. H. Dent, claim agent, to pay a claim of $1220.60 for twenty-eight bales of cotton. 4. That the testimony of Fulton and Crenshaw was based alone upon the statement, and was hence hearsay. As the original statement was in Philadelphia, and so beyond the jurisdiction of the court, the rule requiring its production did not apply. Veck v. Holt, 71 Texas, 715.

It reasonably appears, that the statement and the letter had reference to cotton the destruction of which caused the claim here sued upon. Both the claim and the letter were declarations made by a gen-

eral agent of the company, invested, as the testimony showed, with authority to adjust claims against it, and made, as the testimony tends to show, within the scope of his agency. Under such circumstances the declarations of the agent are competent evidence against the principal. Express Co. v. Harris, 21 N. E. Rep., 340. The testimony of Fulton and Crenshaw, if isolated, would not have been admissible; but it is evident that it was merely explanatory of the statement and letter read. Its admission was in no way prejudicial to appellant.

It is contended that a new trial should have been given, because there was not sufficient evidence of value. The witness Fulton testified, that he knew the cash market value of the cotton at the time of its loss, and that it was 9⅜ cents per pound gross. The weights of the cotton were stated in the bills of lading. They, together with the classification of the cotton, were obtained also from the invoice of the cotton shipped. While the invoice was not produced, no objection was made to the statement of its purport by the witness. The classification was fixed on samples furnished A. Fulton & Co., by their agent or sampler, in the due course of their business and in accordance with a custom or course of trade. According to this course of trade, if the seller of the cotton was dissatisfied with the classification complaint would be made. There was no complaint about the classification of this cotton. No objection was urged to the introduction of the evidence. The new trial was properly refused as to this ground.

On account, however, of the error pointed out, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 22, 1892.

A motion for rehearing was refused at Austin Term.