**T. W. MARSE & CO. v. FLOCKINGER et al.**
(No. 5690.)

(Court of Civil Appeals of Texas. Austin. Nov. 15, 1916.)

**1. CHATTEL MORTGAGES ☞229(1)—SALE OF MORTGAGED PROPERTY — PARTIES DEFENDANT.**

In suit by chattel mortgagee against a purchaser of the mortgaged property for conversion, the two mortgagors of the property were not necessary parties defendant, though proper parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 479, 480, 482, 483; Dec. Dig. ☞229(1).]

**2. EVIDENCE ☞177—SECONDARY EVIDENCE.**

The court did not err in admitting parol testimony to show the contents of a note which was shown not to be within the jurisdiction of the court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 557, 570–579; Dec. Dig. ☞177.]

**3. EVIDENCE ☞177—SECONDARY EVIDENCE— PRECLUSION FROM DEMANDING PRODUCTION OF NOTE.**

Where the court found that a note was placed beyond its jurisdiction by the acts of defendants, they could not be heard to demand its production before resort to secondary evidence to prove its contents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 557, 570–579; Dec. Dig. ☞177.]

**4. APPEAL AND ERROR ☞1051(1)—HARMLESS ERROR—EVIDENCE.**

In suit by chattel mortgagees against the purchaser of the mortgaged property, where a mortgage, introduced in evidence without objection, contained recitations substantially describing the note it secured, the admission of parol testimony to show the contents of the note was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161, 4162, 4165, 4166; Dec. Dig. ☞1051(1).]

**5. BILLS AND NOTES ☞195—ASSIGNMENT OF NOTE—TITLE.**

Where a note was transferred by its holder by written assignment to chattel mortgagees to secure his note to them, the title to the note immediately vested in the chattel mortgagees, as well as the mortgage intended to secure the note, and the right of the mortgagees could not be defeated by the holder's subsequent acquisition and delivery of the note to the maker without the mortgagees' consent.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 464, 474–476, 478–480, 488, 490; Dec. Dig. ☞195.]

**6. APPEAL AND ERROR ☞1010(1)—REVIEW— FINDINGS OF FACT.**

Findings of fact by the trial court will not be reviewed where there is any evidence to support them, notwithstanding the court itself may reach a different conclusion from the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3979–3981; Dec. Dig. ☞1010(1).]

**7. CHATTEL MORTGAGES ☞229(1)—PURCHASE OF MORTGAGED CROP—PICKING AND RENT OF LAND.**

In suit by chattel mortgagees for the conversion of the mortgaged crop of cotton against purchasers of the crop, the trial court properly allowed defendants' claim for items for cotton picking and rent.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 479, 480, 482, 483; Dec. Dig. ☞229(1).]

Appeal from Williamson County Court; Richard Critz, Judge.

Suit by F. C. Flockinger and others against T. W. Marse & Company. From a judgment for plaintiffs, defendants appeal. Judgment affirmed.

W. A. Barlow, of Taylor, for appellants. Melasky & Moody, of Taylor, for appellees.

RICE, J. In 1914 John T. Barber rented certain land from Miss Alice McFaddin near Taylor upon which he raised a crop of cotton, corn, etc. On the 27th of July of said year he sold 50 acres of this cotton, together with certain farming implements, to L. L. Poole, for the sum of $525, taking his note therefor, due October 1, 1914, with 10 per cent. interest and 10 per cent. attorney's fees secured by a chattel mortgage upon said crop, which was thereafter, on July 30th, duly filed for record in Williamson county. On the next day Barber gave his note to appellees for the sum of $431.55, payable October 1st, bearing interest and attorney's fees. To secure this note Barber, by written transfer, assigned to appellees the Poole note then held by the City National Bank of Taylor as collateral for $50 which he (Barber) owed the bank, of which assignment both the Bank and Marse & Co. were immediately advised. The next day, August 1, 1914, Barber gave his note to appellants for $195.80, as well as for any amount thereafter advanced by them to him, due October 1, 1914, bearing interest and calling for attorney's fees. Appellants thereafter furnished him advances to the amount of $170, which included $50 advanced by them to him to pay his debt to the bank for which the Poole note was held by the bank as collateral, aggregating in all $366.40. This note was secured by mortgage on the same crop of cotton, which mortgage was likewise forthwith recorded in Williamson county; but before the execution of said last note and mortgage Poole and Barber rescinded their trade, and Barber, without the knowledge or consent of appellees, regained possession of the Poole note upon payment to the bank of the $50, and delivered same to Poole, who removed from Williamson county about the last of December, 1914. Thereafter Marse & Co. took possession of said cotton, amounting to 5,790 pounds of lint, of the value of $401, by virtue of a trade with Barber, and after paying to Miss McFaddin the rent, $101.45, and paying for the picking, $126.18, and the $50 which they advanced to Barber to pay the City National Bank, applied the balance, $125, as a credit on Barber's indebtedness to them; and this suit was brought by appellees against appellants for conversion of said cotton, based upon the facts above set out.

Appellants answered by general demurrer,

several special exceptions, a general denial, and specially defended on the ground that they were entitled to said cotton by reason of the execution and delivery to them by Barber of the note and mortgage above referred to, upon which they had advanced to him and paid on his account the several amounts above set out, and further defended on the ground that the Poole note claimed by appellees as collateral security for their note against Barber never in fact came into their possession, whereby they had never acquired any lien on said cotton.

The case was tried before the court without a jury, and resulted in a judgment against appellants in favor of appellees for the sum of $125.18, from which appellants prosecute this appeal.

[1] Appellants excepted to appellees' petition on the ground that neither Poole nor Barber were made parties defendant to this suit, asserting that, in a suit by a mortgagee against a purchaser of the mortgaged property, the mortgagor is a necessary party, unless a judgment for the alleged debt and foreclosure of the mortgage had been previously obtained. Neither of them were made parties to this suit. We think this exception was properly overruled, because, as we understand the law, it was not necessary that either of said parties should be made parties defendant. While they are proper parties, they are not necessary parties. See 38 Cyc. 2053; article 5660, R. S.; Liberal Loan & Realty Co. v. Meyers, 186 S. W. 433; Fouts v. Ayres, 11 Tex. Civ. App. 338, 32 S. W. 435; Focke v. Blum, 82 Tex. 436, 17 S. W. 770; Scaling v. Bank, 39 Tex. Civ. App. 154, 87 S. W. 715; Ward v. Gibbs, 10 Tex. Civ. App. 287, 30 S. W. 1125; Rector v. Mill Co., 103 S. W. 710; Oswald v. Giles, 178 S. W. 677.

[2-4] We do not think that the court erred in admitting parol testimony to show the contents of the Poole note: (1) Because it appears that the same was not within the jurisdiction of the court, and therefore secondary evidence was admissible to prove its contents. Barber testified that he had never seen anything of such note since the day he returned it to Poole, and Poole was shown to be a citizen of Lynn county at the time of the trial. See 17 Cyc. 531; article 3640, R. S.; Smith v. Traders' Bank, 82 Tex. 368, 17 S. W. 779; Sayles v. Bradley Co., 92 Tex. 406, 49 S. W. 209; M., K. & T. Ry. Co. v. Dilworth, 95 Tex. 327, 67 S. W. 88; Missouri Pacific v. Gernan Co., 84 Tex. 141, 19 S. W. 461; Greenleaf on Evid. p. 84, par. 558; Coons v. Renick, 11 Tex. 134, 60 Am. Dec. 230; Western Union v. Smith, 26 S. W. 217; Gulf Ry. Co. v. Harris, 72 S. W. 71. (2) As the court found that the note was placed beyond its jurisdiction by the acts of appellants, we think they ought not to be heard to demand its production before secondary evidence could be resorted to to prove its contents. See 17 Cyc.

529; Cheatham v. Riddle, 8 Tex. 162; Gulf Ry. Co. v. Harris, supra. Even if we are mistaken as to this, we think the error, if any, is harmless, for the reason that the Poole mortgage, which was introduced in evidence without objection, contained recitations substantially describing the Poole note, which it was intended to secure.

[5] Appellants insist that, since the evidence shows that the Poole note never came into possession of appellees, they never acquired any right thereto. This contention, we think, is not well taken, because it clearly appears from the evidence that the Poole note was transferred by Barber by written assignment. to appellees for the purpose of securing his note to them, for which reason we hold that the title to same immediately vested in appellees, as well as the mortgage intended to secure it, and their right thereto could not be defeated by Barber's subsequent acquisition and delivery of same to Poole without their consent.

[6] Appellants present several assignments complaining of findings of fact on the part of the court, which it is not necessary to discuss seriatim, because it is sufficient to say that such findings will not be reviewed where there is any evidence to support them, notwithstanding the court itself may reach a different conclusion from the evidence. We have examined each of these findings, and hold that there is sufficient evidence to support them; hence we overrule these assignments. See Corrigan v. Goss, 160 S. W. 652; Sanders v. Rawlings, 77 S. W. 44; Thigpen v. Russell, 55 Tex. Civ. App. 211, 118 S. W. 1080; Morrow v. Conoway, 157 S. W. 430; Nunn v. Padgitt Bros., 161 S. W. 921.

[7] We think the action of the court in allowing appellants credit for the items of cotton picking and rent was just and proper. We therefore overrule appellees' cross-assignments challenging the correctness of the judgment on this account.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.

