M. H. HINZIE ET AL. v. W. B. ROBINSON ET AL.

Decided March 1, 1899.

**1.  Community Property—Right of Survivor to Mortgage.**

A husband may, after the death of his wife, sell or mortgage the community property for the purpose of satisfying a community charge thereon existing prior to the wife's death.

**2.  Conveyance—Description—Proof Aliunde.**

A conveyance of a number of acres out of a larger survey will not be held void for insufficiency of description where it is alleged and proved that the grantor owned a certain tract in that survey containing the given number of acres.

APPEAL from Anderson.   Tried below before Hon. W. H. GILL.

*S. A. McMeans,* for appellants.

*B. H. Gardner,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted by appellees, W. B. and G. S. Robinson, against M. Hinzie to recover on a note for $1000, executed by him to them on December 4, 1889, due one day after date, with interest at the rate of 12 per cent per annum, and which provided for the payment of 10 per cent thereon as attorney's fees in case suit should be brought on the same, and to foreclose a mortgage lien on four certain tracts of land given by the maker to secure the payment of the note.

It was alleged in appellees' petition that the mortgaged lands were the community property of M. Hinzie and his deceased wife, Annie, and that the note sued on was a community debt of said M. Hinzie and wife, and a charge upon the lands upon which the mortgage was given.

H. M. Hinzie, Agnes M. Hinzie, W. E. Hinzie, Francis T. Hinzie, Rose H. Hinzie, Raymond C. Hinzie, and Joseph L. Hinzie, the children and heirs of Annie Hinzie, all of whom are minors save H. M. Hinzie, are made parties defendant for the purpose of foreclosing the alleged mortgage lien.

It was averred in the petition that W. L. Moody & Co., Eliza Kempner, and the First National Bank of Palestine were setting up some kind of judgment liens on said lands, and they were also made parties defendant.

The defendants Hinzie answered by general denial, and H. M. Hinzie and the Hinzie minors specially pleaded that the lands described in the mortgage were the community lands of their father and deceased mother; that their mother died January 1, 1888, and that by inheritance from her they were the owners of an undivided one-half interest in said land which was not subject to foreclosure under said mortgage, and prayed that said mortgage as a cloud on their title be removed and canceled.

Moody & Co. and Kempner answered, setting up certain judgment liens on the lands described in the mortgage, and prayed for foreclosure

upon the interest of M. Hinzie in said lands, and that the same be sold to satisfy their said judgment liens. The First National Bank of Palestine disclaimed any interest in the lands.

The case was tried by the court without a jury, and judgment was rendered in favor of appellees, W. B. and G. S. Robinson, for the amount due, principal, interest, and attorneys' fees, on the note sued upon, together with a foreclosure of the lien against M. Hinzie, H. M. Hinzie, and the Hinzie minors upon all of the lands upon which the mortgage was given to secure the note, and the judgment liens of W. S. Moody & Co. and Mrs. Eliza Kempner upon said lands were foreclosed as against M. Hinzie. It was decreed that the lands should be sold and the proceeds be first applied to the payment of the Robinsons' judgment, and if more than sufficient to satisfy such judgment, the remainder should be equally divided between Moody & Co. and Kempner on the one part, and H. M. Hinzie and the Hinzie minors on the other. Judgment was also rendered for the First National Bank of Palestine for its costs. From which judgment all of said Hinzies have appealed.

*Conclusions of Fact.*—There is no statement of facts in the record, and we adopt the conclusions of fact found by the trial court, which are as follows:

"1. On November 2, 1886, J. W. Richardson was elected county treasurer of Anderson County, and on November 12, 1886, qualified by giving bond, with M. Hinzie and others as sureties, and entered upon the discharge of his official duties.

"2. That his term of office expired on the 20th November, 1888, at which time his successor qualified.

"3. That during his term of office said Richardson received large sums of money belonging to the permanent and available school fund of said county, and at the expiration of his term it was ascertained that he was short in his account on said funds and a defaulter to the amount of $7065.84.

"4. That on March 4, 1889, the county judge of Anderson County filed suit against said Richardson and the sureties on his bond, including M. Hinzie, for the recovery of said sum, and afterwards, on November 18, 1889, a compromise was effected, and defendant M. Hinzie was discharged from liability on said bond by paying more than $1000, which sum was less than his liability on said bond.

"5. That in order to pay his proportion of the compromise, defendant M. Hinzie, on December 4, 1889, borrowed from plaintiffs $1000, executing his note therefor, payable one day after date, with interest from maturity at the rate of 12 per cent per annum until paid, and promised, if said note should be collected by an attorney or by suit, to pay 10 per cent on the amount due as attorney's fees, to be computed and recovered as part of the judgment.

"6. On January 2, 1890, said M. Hinzie, in order to secure the payment of said note, and in compliance with the agreement entered into

when said note was given, executed and delivered to W. B. Robinson, trustee, a deed of trust upon four tracts of land, described in said trust deed as follows:

"First tract: Being three hundred and twenty acres of the R. S. Foote survey of 640 acres on the banks of Sabine River, situate in Gregg County, Texas. The 320 acres herein conveyed being the west half of said survey, said land being conveyed to me on July 12, 1876, by S. P. Hollingsworth by deed, and to which conveyance reference is here made for definite description by metes and bounds.

"Second tract: Being three hundred and twenty acres of land, being a part of the 640 acres patented to Wm. Mann in the county of Leon, Texas, said land being conveyed by Walter Gresham to me by deed dated August 10, 1878, and to which deed reference is here made for particular description of said land herein conveyed.

"Third tract: Being three hundred and twenty acres of land on the west bank of the Trinity River, and on both sides of the I. & G. N. R. R., situate in the county of Leon, State of Texas, said land being originally patented to William Violet, and said patent is hereby referred to for a particular and definite description of said land.

"Fourth and last tract: Being two hundred and thirty-two and one-half acres of land situate in Harris County, State of Texas, originally patented to A. G. Holland by the State of Texas, under date January 1, A. D. 1863, number 447, and the 232½ acres herein conveyed being a part of said Holland survey.

"7. That the lands referred to in paragraph 6 were the community lands of said M. Hinzie and his wife, Mrs. Annie Hinzie. That said Mrs. Annie Hinzie died in Palestine on January 1, 1888, leaving the following named children and heirs, viz.: H. M. Hinzie, Agnes M. Hinzie, William Eugene Hinzie, Francis Thomas Hinzie, Rose Helena Hinzie, Raymond Carroll Hinzie, and Joseph Leonard Hinzie, all of whom are minors except H. M. Hinzie, who is the guardian of the others.

"8. That the fourth tract of land described in said deed trust and in paragraph 6 hereof was, as shown by the testimony of Mr. Hinzie, the only land owned by M. Hinzie on the Holland survey or in Harris County, Texas, at the date of said trust deed, and the correct field notes and description of same as shown by the testimony of said M. Hinzie is as set out in a release executed to him by the Texas Land Company, in which release said land is described as follows:

"Three hundred and twenty acres of land originally granted by the State of Texas to A. G. Holland by letter patent No. 447, vol. 7, dated January 1, 1863, situated near the town of Spring, in the county of Harris, State of Texas, and more particularly described as follows: Beginning at a post on the south bank of Spring Creek from which a pine 40 inches in diameter brs. S. 52 degrees W. 4¾ varas marked 'B;' another marked 'C' 36 inches in diameter bears N. 39 degrees E. 1 vara. Thence south 2228 varas to post on R. O. W. McMann's west line, from which a gum marked 'B' bears N. 55 degrees E. 7½ varas; another marked 'C'

bears S. 7 degrees E. 15 varas.    Thence west 672 varas to a stake in prairie.    Thence north 3148 varas to a hickory marked XIII, on the bank of Spring Creek, from which a magnolia marked T bears N. 45 degrees W. 7¾ varas; another marked 'B' bears south 45 degrees E. 3¾ varas. Thence down the creek with its meanders to the place of beginning, excepting from said tract ten acres sold by W. R. Baker to Williams and 15 acres sold to A. L. and Alabama Long, and further excepting the improvements on said land including house, tannery, mill site, and six acres of land surrounding same or to be taken so as to include the said improvements, and also excepting thirty-five acres and eight-tenths of an acre (35 8-10) of land to be taken off from the south end of the 289 acres of land remaining.    The said 35 8-10 acres being bounded as follows: Beginning at the S. E. corner of the said original survey.    Thence with the east line thereof 1200 feet, thence west to the west line of the 289 acres of land remaining as hereinbefore described, thence south with said west line to the south boundary line of said original survey; thence east to the place of beginning with the said south boundary line, and further excepting from the residues of two hundred and fifty-three and two-tenths (253 2-10) acres of land the right of way of two hundred (200) feet of the I. & G. N. R. R. through the said 253 2-10 acres of land.    The amount of land embraced in said right of way being twenty acres and seven-tenths acres of land, and leaving for a residue two hundred and thirty-two and one-half acres of land.

"9.    That on November 25, 1890, defendants W. L. Moody & Co. recovered a judgment against M. Hinzie in the District Court of Anderson County for $6205, with 12 per cent per annum interest on $5641 thereof, and 8 per cent interest on $564 thereof from date, on which judgment there was collected on March 3, 1891, $1018, of which $63 was applied to the payment of costs, $576.36 to discharge the $564 portion of the judgment and interest, and $378 on the $5641 portion of said judgment. After the recovery of said judgment Moody & Co. caused abstract of said judgment to be duly recorded and indexed in the judgment records of Leon, Gregg, Freestone, and Harris counties.

"10.    That on November 28, 1890, Harris Kempner recovered judgment against said M. Hinzie in the District Court of Anderson County for $7224.20, with 12 per cent interest on $5363 thereof, and 8 per cent interest on $1861.20 thereof from date, and thereafter he caused abstracts of said judgment to be duly recorded and indexed in the judgment records of Leon, Gregg, Freestone, and Harris counties.    That thereafter the said Harris Kempner died and defendant Mrs. Eliza Kempner, who was the wife of said Harris Kempner, qualified as survivor of the community."

*Conclusions of Law.*—The trial court concluded from the foregoing facts that the amount due by M. Hinzie on account of the breach of Richardson's bond was a charge upon the community estate of himself and wife, and that his obligation to Robinson bound the community

property described in the mortgage for its payment. This conclusion is assailed by appellants' first assignment of error. The liability of Hinzie for the default of Richardson arose from his suretyship on the latter's bond and the breach of its conditions. When he obligated himself to be responsible for the default of Richardson his wife was living, and the obligation bound her interest in the community property as well as his. Her death did not change the obligation, but it remained as it was when the bond was executed; nor was it affected by the fact that the death occurred before the amount due on the obligation was fixed and determined by Richardson's default. A debt or obligation created by the husband during coverture, as this one was, creates a charge upon the community estate, and hence in general terms a community debt may be said to be any debt or liability made by the husband during marriage. Ballenger on Com. Prop., sec. 117. As the liability or debt created by the bond was contracted during marriage, and continued a charge upon the community property after the death of Mrs. Hinzie, her husband had the right to sell, mortgage, or otherwise dispose of such property for the purpose of satisfying such community obligation or debt. Carter v. Conner, 60 Texas, 55; Hill v. Osborne, 60 Texas, 392; Burkett v. Key, 42 S. W. Rep., 231. We are of the opinion, therefore, that the assignment of error is not well taken.

It is contended by the appellant that the description in the mortgage of the fourth or Harris County tract of land is not sufficient to identify it, and on account of the insufficiency of the description that the mortgage as to that tract is void. The appellees in their petition alleged that Hinzie owned only 232½ acres in the A. G. Holland survey situated in Harris County, Texas, and averred that he intended to convey by the mortgage said 232½ acres which are described by the field notes thereof set out in the petition. Hinzie testified that he owned only this tract in the Holland survey, and that it was properly described in a written release to him which was admitted in evidence. The field notes in the release are the same as are set out in the petition. Under the pleadings and evidence we are of the opinion that the mortgage upon this tract was not void for insufficiency of description. It is well established that a voluntary conveyance of a certain number of acres of a larger survey entitles the grantee to an undivided interest therein to that extent, but if the grantor only owned the number of acres which he undertook to convey, the deed would convey what he owned, and it would be proper to allege and prove the facts giving full description of the tract owned. Fontaine v. Bohn, 40 S. W. Rep., 637; Nye v. Moody, 70 Texas, 434; Blackburn v. McDonald, 1 Posey U. C., 355; Dohoney v. Womack, 1 Texas Civ. App., 354; Dev. on Deeds, sec. 1019.

There is no error in the judgment appealed from, and it is affirmed.

*Affirmed.*

Writ of error refused.