JOHN C. PENN v. TEXAS YELLOW PINE LUMBER COMPANY.

Decided March 10, 1904.

**Deed—Description of Land—Parol Testimony.**
A contract for the sale of land describing it as "the 6100 acres under consideration in Tyler County," held not sufficient to comply with the statute of frauds nor to afford a basis for the admission of parol testimony to identify the land.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Andrews & Ball,* for appellant.

*Coleman & Abbott* and *E. P. & Otis K. Hamblen,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellant brought this suit against the appellee to enforce specific performance of the following contract for the sale of land:

"HOUSTON, TEXAS, December 6, 1902.
"Mr. John C. Penn: I agree to convey to you the 6100 acres under consideration, in Tyler County, for $1.62½ per M. feet for the standing timber on said land; one-third cash, one-third in one year, and one-third in two years, vendor's lien and 6 per cent interest; you to appoint an estimator and I one, and they to agree, and should they fail to agree they to appoint a third, whose decision shall be final, and you to agree not to buy west of Cypress and Mill Creek; $2500 forfeit money to put up by you, to be closed in forty days. I will furnish abstracts showing good titles to said land. No timber to be cut unless paid for before cutting and indorsed on vendor's lien notes.
"J. I. CAMPBELL,
"Pres. Texas Yellow Pine Lumber Co."

"HOUSTON, TEXAS, December 6, 1902.
"Mr. J. I. Campbell: I have accepted the proposition of which the above is a copy, and have handed you, through Mr. J. M. Coleman, the $2500 mentioned as forfeit money.      "JOHN C. PENN."

The petition describes several surveys of land in Tyler County, Texas, aggregating 6100 acres and after setting out the contract above copied alleged as follows:
"That said writing did not state in minute detail the contract between the parties, nor was it so understood nor intended by the parties. It was and is a memorandum of the contract so made between the parties, and plaintiff alleges that both parties to said contract fully and mutually understood said contract to be and mean, and the memoran-

dum thereof in writing to be and mean in detail and in substance, and in fact, as hereinafter stated, as follows:

"(a)     That the land referred to in said contract and designated therein as 'the 6100 acres under consideration in Tyler County,' was and is, and was and is mutually understood between the parties to be the same lands hereinabove described; that the lands hereinabove described were the lands under consideration in Tyler County, comprising 6100 acres, the title to which stood in the name of the defendant, and the same were and are the only lands ever under consideration between the parties to this suit in negotiation of sale, and were and are the same lands referred to in said contract of sale; that the plaintiff and the defendant, the defendant acting through its officers and agents, had for some days prior to the signing of the contract hereinabove set out, been considering the purchase and sale of said lands hereinabove described; that the defendant, acting as aforesaid, had taken a map of Tyler County, spread it out before and shown it to the plaintiff and pointed out and designated thereon the different surveys and parts of surveys which the defendant desired to sell and the plaintiff desired to buy, stating definitely and specifically in each instance the original survey, the number of acres owned therein by the defendant, which it desired to sell to the plaintiff, its location in said survey, and pointing out and designating each tract separately, particularly and specifically; that the defendant, acting as aforesaid, also furnished to the plaintiff during said negotiations, and prior to the signing of said contract, a written statement giving the name of each survey, and the number of acres in each survey which the defendant desired to sell and the plaintiff wished to purchase, and that in every instance and on every occasion the defendant designated to the plaintiff the identical lands described in this petition, and none other; that the defendant and plaintiff never negotiated concerning any other lands, and never had any other lands under consideration than those hereinabove described; that after the making of said agreement and contract, the execution thereof and its acceptance as herein alleged, the defendant, acting in pursuance thereof, furnished to the plaintiff abstracts of title to the various tracts of land herein described, describing in the said abstracts each tract of land specifically and particularly, and being in every instance the same land described in this petition and none other; that in further pursuance of said contract, agreement and understanding, the defendant had said lands surveyed out, the lines thereof marked and designated on each and every tract thereof, and that said land comprised the same tracts of land and the same land described herein, as marked and designated by the defendant; that the plaintiff, in pursuance of the performance of his part of the said contract, and with the full knowledge of defendant, its agents and servants, employed counsel to examine the abstracts of title to the said several tracts of land so furnished to him by the defendant, and was required to spend

and agreed, bound and obligated himself to spend large sums of money for such service; that the plaintiff further incurred a large expense, and was compelled to spend, and did spend, and obligated himself to spend large sums of money to have said several tracts of land inspected by competent inspectors and the timber estimated thereon, as provided for in said contract, and that in pursuance of said contract, both the plaintiff and the defendant sent their estimators upon said lands to have the same inspected and estimated, and did have the same inspected and estimated, and the land so inspected and estimated was the iden- tical land described in this petition, and none other, and plaintiff says that the designation of said land upon the map of Tyler County, as aforesaid, and in other ways hereinabove alleged, thoroughly, com- pletely, and in every particular, identified said lands, and that said lands were actually marked and designated on said map by the defend- ant and in the written memorandum given by the defendant, acting through its officers and agents, to the plaintiff, of the several tracts of land herein described, the defendant in each instance in said mem- orandum so given by it to the plaintiff, gave the name of the survey and the number of acres in each survey which had theretofore been, and contemporaneously therewith was designated upon said map of Tyler County by the defendant as aforesaid. This plaintiff says that the defendant is estopped to deny that said contract is insufficient as to the description of said lands and each and every part thereof, because the defendant induced the plaintiff to rely upon its representations made as aforesaid, and to spend his money and time in pursuance of said contract, as aforesaid, based upon said representations of the de- fendant, so made to it in writing and otherwise, as aforesaid."

To this petition the defendant presented the following special de- murrers:

"1. Further demurring and excepting, the defendant says that the contract sued upon—now for the first time set forth by plaintiff in haec verba—a copy of which contract is set forth on page 5 of said second amended original petition, is wholly insufficient for plaintiff to main- tain this suit upon, and is contrary to the statutes of fraud, in that it wholly fails to describe any lands, or to furnish the means of description of any lands that were to be conveyed; on all of which defendant now prays judgment of the court.

"1a. Defendant further excepts to so much of plaintiff's second amended petition contained in paragraph (a), on pages 5, 6 and 7, setting forth that defendant furnished abstract of title to the lands described, and furnished maps of said lands and pointed out the tracts of land described, and had said lands surveyed, and the other acts therein contained alleged to have been done by defendant, and says same are insufficient, as it nowhere appears therefrom that defendant signed any of said instruments or referred to said instruments in the contract, or ever signed any written memoranda or other memoranda.

identifying or describing said lands, and now prays judgment of the court.

"2. Defendant excepts and demurs to all of said second amended original petition included in the second paragraph of said petition, wherein said petition undertakes to describe the lands alleged to have. been intended to be conveyed by said contract, and says the same is wholly insufficient, and is contrary to the statutes of fraud, and that plaintiff thus seeks to ingraft upon said written contract and agreement a description which is wholly wanting in said contract, and now excepts to the same and prays the court to strike the same from the records."

These demurrers were sustained by the trial judge, and plaintiff declining to amend, his suit for specific performance was dismissed, but upon confession of defendant judgment was rendered in favor of plaintiff upon the alternative prayer of the petition for the recovery of the $2500 paid by plaintiff to defendant as forfeit money.

The only question presented upon this appeal is whether the trial court erred in sustaining the demurrers above set out.

We think the description of the land contained in the contract is wholly insufficient to identify the land attempted to be described, and the contract furnishes no means by which said land can be identified with reasonable certainty. The case presented is not one calling for the application of the rule which permits the introduction of parol evidence to explain an ambiguity in the description of land contained in a deed, but the question is whether a failure to describe the land in a contract of sale so that it can be identified can be supplied by parol evidence showing what land was in contemplation of the parties in making the contract. It is well settled that a contract for the sale of land to be sufficient under the statute of frauds must describe the land to be conveyed or must furnish the means by which the land can be identified with reasonable certainty. Patton v. Rucker, 29 Texas, 409; Jones v. Carver, 59 Texas, 295; Johnson v. Granger, 51 Texas, 44; Zanderson v. Sullivan, 91 Texas, 503; Cammack v. Prather, 74 S. W. Rep., 355; Cusenbury v. Latimer, 28 Texas Civ. App., 217; Norris v. Hunt, 51 Texas, 615.

The only language in the contract descriptive of the land agreed to be sold is "the 6100 acres under consideration in Tyler County." This language only informs us that the land contracted to be sold is situated in Tyler County and consists of 6100 acres, and it is manifest that the land can not be identified from this description. The words "under consideration" add nothing to the description of the land, since they only refer to the mental attitude of the parties toward the land, which from the allegations of the petition is only susceptible of proof by parol. To permit the appellant to show by parol what land was under consideration would be in effect to abrogate the rule requiring contracts for the sale of land to be in writing. If the appellant's contention is sound the contract would be enforcible if it only described the land

as that "under consideration," since the designation of the number of acres and the county in which the land is situate is clearly insufficient to identify it with reasonable certainty, and the entire description must be supplied by parol proof showing what land was under consideration by the parties.

We think the cases of Cunyus v. Lumber Co., 20 Texas Civ. App., 290, 48 S. W. Rep., 1106, and Taffinder v. Merrell, 95 Texas, 95, cited by the appellant, are easily distinguishable from the present case. In the cases cited the description was held sufficient because the extrinsic facts alleged and proven eliminated all ambiguity therefrom and made the identity of the land certain from the description contained in the deed. In the present case the extrinsic facts alleged in the petition, and which are only susceptible of proof by parol, must be looked to primarily to obtain a description sufficient to identify the land; in other words, the identity of the lands is dependent entirely upon parol evidence.

We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.