## H. M. MAUND ET AL. v. J. O. DAVIDSON.

Decided November 26, 1909.

**Receivership—Appeal—Jurisdiction.**

The statute does not authorize an appeal from an interlocutory order of a District Court denying a motion to vacate a receivership, and the Courts of Civil Appeals are therefore without jurisdiction to entertain an appeal from such order.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*H. B. Short* and *Goodrich & Synnott,* for appellants.

*Hamilton & Minton,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This appeal is from an interlocutory order of the District Court of Sabine County made and entered on October 29, 1908, refusing a motion by appellants to vacate an order appointing a receiver, made in chambers on May 29, 1908, upon the prayer of appellee in a suit pending in said court brought by appellee against the appellant. The order appealed from is as follows:

"J. O. Davidson
        vs.
H. M. Maund & W. W. Barlow.

"On this, the 29th day of October, 1908, in this cause came on to be heard the motion filed by the defendant herein to vacate the receivership pending in this cause and discharge the receiver upon the grounds mentioned in said motion, and the parties plaintiff and defendants, as well as T. G. Drawhorn, receiver, appeared in person and by attorneys, and announced ready for trial upon the hearing of the matters mentioned in said motion, and the court having heard the evidence in the case, and the argument of counsel, and having duly considered the same, is of the opinion that said motion should be denied, and in all things overruled. It is therefore ordered, con-

sidered and adjudged by the court that the motion to vacate the receivership pending in this cause and to discharge the receiver, be and the same is in all things overruled, to which action of the court the defendants except, and in open court give notice of appeal therefrom to the Court of Civil Appeals of the First Supreme Judicial District of Texas. It is further ordered that the defendants may have the full time allowed by law after the adjournment of the present term of the court within which to prepare, have filed and approved, bills of exception and a statement of facts which were approved on the hearing of said motion, and that when said bills of exception and statement of facts shall have been filed, the same shall constitute a part of the record in this cause."

The statute does not authorize an appeal from an interlocutory order of this kind and this court is therefore without jurisdiction to entertain such appeal. (Article 1383, Sayles' Civil Statutes; Texas & O. Lumber Co. v. Applegate, 53 Texas Civ. App., 66.)

This court being without jurisdiction, the appeal should be dismissed. Converse v. Trapp, 29 S. W., 415; Simpson v. Baker, 57 Texas Civ. App., 460, (122 S. W., 959).

For the reason stated the appeal is dismissed.

*Dismissed.*