BEATON et al. v. FUSSELL. (No. 5247.)

(Court of Civil Appeals of Texas. San Antonio. April 15, 1914. Rehearing Denied May 6, 1914.)

1. FRAUDS, STATUTE OF (§ 110*) — SPECIFIC PERFORMANCE (§ 29*) — DESCRIPTION OF LAND SOLD—CERTAINTY.

A contract by which the vendor agreed to sell his place, consisting of four lots in a certain town, it appearing that he owned only one place in that town which did consist of four lots, describes the property sold with sufficient certainty to comply with the statute of frauds and to entitle the purchaser to specific performance, since it refers to an existing fact which can be easily ascertained.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 225–236; Dec. Dig. § 110;* Specific Performance, Cent. Dig. §§ 69–82; Dec. Dig. § 29.*]

2. DEEDS (§ 90*) — CONSTRUCTION AGAINST GRANTOR.

A deed will be construed against the grantor and in favor of the grantee.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 234–237, 247, 248; Dec. Dig. § 90.*]

3. EVIDENCE (§ 460*) — PAROL EVIDENCE — IDENTIFYING SUBJECT-MATTER OF WRITTEN CONTRACT.

Where a vendor contracted to sell his place in a certain town, parol evidence was admissible to show that he owned but one place in that town, and also to show of what particular property that place consisted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. § 460.*]

4. SPECIFIC PERFORMANCE (§ 110*)—TENDER OF PAYMENT—SUFFICIENCY.

The cash payment called for by a contract for the sale of land need not be actually paid into court when payment is tendered by the pleadings in a suit for specific performance, since the court can decree performance upon the payment of the money and the passing of the title only when it is paid.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 354; Dec. Dig. § 110.*]

5. SPECIFIC PERFORMANCE (§ 106*)—PROCEEDINGS—PARTIES PLAINTIFF — WIFE OF PURCHASER.

The wife of a purchaser of land is not a necessary party plaintiff in a suit for the specific performance of a contract which did not require the deed to be made to her, or the vendor's lien notes to be signed by her, notwithstanding the fact that the vendor, at the purchaser's request, had executed a deed conveying the property to the purchaser's wife, which was rejected because it was a special, and not a general, warranty deed.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 342–351; Dec. Dig. § 106.*]

Appeal from District Court, Kimble County; Clarence Martin, Judge.

Action by J. W. Fussell against G. W. Beaton and another. Judgment for the plaintiff, and defendants appeal. Affirmed.

M. Fulton, of Mason, for appellants. Horace E. Wilson, of Junction, for appellee.

CARL, J. Appellee, J. W. Fussell, sued G. W. Beaton to enforce specific performance of a contract, whereby it is alleged appellant agreed to convey four lots in the town of London, Kimble county, and all improvements thereon, to appellee, in consideration of $200 cash, and the balance to be represented by two vendor's lien notes, each for $225, bearing 8 per cent. interest, and due respectively July 7, 1914, and July 7, 1915. The contract describes the property as: "My place in London, Kimble county, Texas, consisting of four lots in the town of London, county of Kimble, state of Texas, with resi-

dence and all improvements thereon." The contract further provided that Beaton would give "a good and sufficient warranty deed to same." The petition further alleges that the four lots referred to are lots 3, 4, 5, and 6, in block 5, in said town of London.

It was further alleged that, subsequent to the making of said contract, defendant G. W. Beaton fraudulently conveyed said lots to C. D. Hensley, with full knowledge of the contract, for the purpose of evading the same. Hensley was made a party defendant, and prayer was that the deed made him be canceled and held for naught.

The defendants filed a joint answer, and the cause was tried before the court, judgment being in favor of plaintiff for the lots and title thereto upon his paying the $200 cash payment and executing the two vendor's lien notes within ten days from the date of the judgment, same to fall due July 7, 1914, and July 7, 1915, and canceling the Hensley deed.

[1] The first assignment complains of the action of the court in overruling an exception to the petition, for the reason that the contract sued on was not sufficient under the statute of frauds, and also as to the introduction of such contract in evidence, over objection, that it was not sufficient, for want of proper description of the lots, to form the basis of an action for specific performance. The court found that Beaton owned only one place in the town of London, Kimble county, and that same consisted of four lots, viz.: Nos. 3, 4, 5, and 6, in block 5.

That is sufficiently certain which can be made certain from facts furnished. And that which puts a party upon inquiry is notice, if that inquiry becomes a duty. Wiseman et al. v. Watters et al., 142 S. W. 135; Wethered v. Boon, 17 Tex. 143; Hines v. Perry, 25 Tex. 443; Taylor v. Townsend, 61 Tex. 144; Skov v. Coffin, 137 S. W. 450. Since Beaton owned but the one place in London, and it consisted of four lots, the contract could refer to nothing but that place. The question is whether there is a sufficient basis for identification; and not that the utmost certainty should exist. Watson v. Baker, 71 Tex. 747, 9 S. W. 867; Fulton v. Robinson, 55 Tex. 404; Penn v. Lumber Company, 35 Tex. Civ. App. 181, 79 S. W. 844. Certainty to a common intent is all that is required, where the contract furnishes the means by which the land can be identified with reasonable certainty. In Porter v. Memphis Land & Commission Co., 159 S. W. 498, it was held that "263 acres of land 1½ miles northeast of Memphis, Tex.," where the contract referred to an incumbrance of about $8,140 which is upon the land, makes a recitation of a fact which can be made certain. Quoting with approval from the Kentucky Supreme Court (Campbell v. Preece, 133 Ky. 572, 118 S. W. 374), it is said: "It is never good to refer to a future event, as that could not have been certain" at the time the contract "was made. But a general reference to an existing or past event is good, for that which has transpired is changeless. * * * 'The place where I live' identifies one place only, and is susceptible of being shown definitely and unerringly." This contract states that it is "my place in the town of London, Kimble county, Texas, consisting of four lots, etc., and all improvements." He owned but one place; so this contract points unerringly to the only possible subject of the contract. The Kentucky case, supra, says: "If it had stated, 'the land where Joseph Preece now lives,' or the land 'where Joseph Preece lived in 1899,' it would not be questioned that the description would have been sufficient." And this could not possibly be any more certain than the reference to Beaton's place, when he owned only one, corresponding in every particular to the one referred to in the contract.

In Rosen v. Phelps, 160 S. W. 105, cited by appellant, the contract was to convey " a certain 3,000 acres of land in Bosque county, Texas," without designating the owner, any particular locality, landmark, natural object, or other thing that fixes location, and makes no reference to any other writing by which the land may be identified, and Penn v. Texas Yellow Pine Lumber Co., 35 Tex. Civ. App. 181, 79 S. W. 842, is cited.

"It is the duty of the court to so construe the deed of trust as to give effect to the intention of the parties, if that intention can be legally ascertained. Faulk v. Dashiell, 62 Tex. 646 [5 Am. Rep. 542]. The language of the deed of trust under which the plaintiff in error claims title is not of such a character that the court can say that the description of the land cannot be made certain by extrinsic evidence." Pierson v. Sawyer Bros., 93 Tex. 163, 53 S. W. 1012, citing Wilson v. Smith, 50 Tex. 365; Smith v. Westfall, 76 Tex. 509, 13 S. W. 540; Herman v. Likins, 90 Tex. 448, 39 S. W. 282. In these cases the court held that extrinsic evidence could be introduced to identify the land.

In the case of Taffinder v. Merrill, 95 Tex. 100, 65 S. W. 177, 93 Am. St. Rep. 814, the Supreme Court held that property described as "two town lots in the town and county of Hamilton" was sufficient. It was shown by oral testimony that the location and identity of the two lots in Hamilton which had belonged to Taffinder and wife were well known at the time of the proceedings and since. See, also, Gallup et al. v. Flood et al., 46 Tex. Civ. App. 644, 103 S. W. 427.

[2] A deed will be construed against the one making it and more in favor of the grantee, so as to make it effective, and, applying that rule to the present case, we have the contract calling for "my place in the town of London, Kimble county, Texas, consisting of four lots." By reference to the deed records, this property could readily be identified.

by information furnished in the contract itself; and we are not going to assume that Beaton had more than one place. The benefit of doubt, if there is any, would be against his ownership of any other "place."

[3] It was proper to show by parol that Beaton owned but one place in that town, and of what that consisted. This assignment is overruled.

[4] Complaint is made that the $200 cash payment was not paid into court, in compliance with the tender .made in the pleadings. Judge Simkins says: "If it be money that is tendered, a simple offer to pay it is a sufficient tender in equity without bringing the money into court (Ball v. Belden, 126 S. W. 21; Fordtran v. Dunovant [54 Tex. Civ. App. 564] 118 S. W. 768; Nabours v. McCord, 82 S. W. 157), because a court of equity can decree performance on payment of money, and not permit the title to pass until then." Simkins on Equity, p. 700 (last edition). This will dispose of the second assignment adversely to appellant.

[5] The third assignment is also overruled, wherein complaint is made that the court erred in not sustaining defendant's exception to plaintiff's petition for want of proper and necessary parties plaintiff. The petition charges that the plaintiff and defendant entered into the contract, which is signed by them both and in which it is provided the land shall be sold and conveyed to Dr. J. W. Fussell. Hensley knew all about this contract, because he represented Beaton in the deal and prepared the contract. This paper did not stipulate that Mrs. Fussell was to sign the notes, nor that the deed should be made to her. Consequently the petition was not subject to the criticism made against it, and Mrs. Fussell was not a necessary party plaintiff. Suppose she had attempted to bring the suit on this contract? It was not made for her benefit, and her name was not mentioned in it. The petition does not state that the property was to be conveyed to Mrs. Willie A. Fussell, as contended, but merely recites that the deed which appellant Beaton and his wife did prepare and tender was a special warranty deed made to her at the request of plaintiff. This deed was declined on account of the special warranty feature. But that formed no part of the contract sued upon. The fact that Fussell asked that the deed be made to his wife did not lessen his obligation or liability under the contract, and Beaton could not have been compelled to make a deed to her. So the court very properly overruled the exception, and also the objection to the contract, when offered in evidence.

In view of what we have said. it is unnecessary to write upon the fourth and fifth assignments further than to say that they are overruled.

The judgment is affirmed.