KELLNER et al. v. RAMDOHR et al.
(No. 7624.)

(Court of Civil Appeals of Texas. Galveston. Nov. 25, 1918.)

1. SPECIFIC PERFORMANCE ⟨⟩29(2) — CONTRACTS—DESCRIPTION—SUFFICIENCY.

To warrant specific performance of a contract to convey land, the writing itself must either upon its face identify the land, or it must expressly or by implication refer to some instrument, document, record, or outside fact, by which the land can with reasonable certainty be identified.

2. SPECIFIC PERFORMANCE ⟨⟩29(2) — CONTRACTS—DESCRIPTION—SUFFICIENCY.

A written agreement to convey 29 acres in a survey containing approximately 1,500 acres will not support specific performance, where the writing in no way described the particular 29 acres, and, aside from the word "Damon" at the top of it, in no way described the survey out of which the tract was to be carved; for there was not enough to render admissible extrinsic evidence to show the land intended.

Appeal from District Court, Brazoria County; Samuel J. Styles, Judge.

Suit by G. A. Kellner and others against O. J. Ramdohr and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

L. A. Carlton, of Houston, for appellants.
D. Edw. Greer, of Houston, for appellee Gulf Production Co.
Wilson & Follett, of Angleton, H. O. Schulz, of Rosenberg, and Elmer P. Stockwell, of Angleton, for appellees.

GRAVES, J. That being the only question involved, this case turns upon the proper construction of the following written instrument:

"Damon 1 day of July, 1908. "Know all men by these presents: That I, O. J. Ramdohr, of Brazoria Co., Tex., have this day sold to G. A. Kellner, C. C. Watson & R. F. Dickson, of Wharton Co., Texas, 29 acres in the E. S. Jones ⅓ league, consideration $522, five hundred & twenty-two dollars, cash in hand paid, $25.00 twenty-five dollars by said parties, the balance is to be paid in 50 days or as soon as abstract can be made.
"O. J. Ramdohr."

Appellants sued appellees in the court below in trespass to try title for 29 acres of land out of the E. S. Jones ⅓ league in Brazoria county, Tex., which they specifically described by metes and bounds in this petition, their asserted claim thereto having its origin and sole basis in the copied instrument; in the alternative, should the instrument in and of itself be held not to have passed to them title to the land they sought, they declared upon and asked specific performance of it as a valid and competent contract for that purpose.

When the instrument was offered in evidence upon the trial, the court excluded it, holding the attempted description therein not only insufficient to identify and convey the land described in the petition, but also inadequate as a basis for the admission of the extraneous proof tendered in aid thereof. Judgment for the appellees necessarily followed, from which this appeal is prosecuted.

[1, 2] We think the ruling was correct. It seems to us that an inspection of the instrument discloses that, of and within itself, it did not sufficiently identify the particular land described in plaintiffs' petition. Aside from the caption, "Damon 1 day of July, 1908"—a circumstance without probative force—the only description is, "29 acres in the E. S. Jones ⅓ league." Standing alone, even if it had gone further and recited that the E. S. Jones one-third league was in Brazoria county, Tex., that description would have been equally applicable to as many different tracts of land as 29 is contained times in 1,476—the number of acres in the one-third of a league—or about 50 tracts; and if that be true, it of course follows that such an instrument could not alone serve as an ade-

quate conveyance of any particular piece of land.

But did it afford a proper basis or lay sufficient predicate for the introduction of extraneous evidence in aid of such descriptive matter as it did contain?

While the question is not clear of doubt, we conclude that it did not. The principles of law governing cases of this general character have been so often declared and so well settled, especially in Texas, that it is felt neither necessary to go elsewhere for authority, nor to attempt by extended discussion to add anything of value to what our own courts have already said upon the subject.

As we understand the Texas cases, the rule may be substantially, at least, thus stated: The writing itself must either upon its face identify the land, or it must expressly or by implication refer to some instrument, document, map, plat, record, or outside fact—that is, furnish the means—by which the land can with reasonable certainty be identified. Penn v. Yellow Pine Co., 35 Tex. Civ. App. 181, 79 S. W. 842; Rosen v. Phelps, 160 S. W. 105. Tested by this rule, the instrument here involved meets neither of its requirements; not only does it fail to state the county, state, or locality where the land is situated, but contains no implied reference even to any record, paper document, fact, or object, natural or artificial, to which the outside evidence tendered in aid of it might attach. As we understand the proper application of the rule stated, evidence aliunde has not been admitted, except for the purpose of making something so referred to in the instrument itself applicable or attachable to a particular tract of land; that seems to us to be the net result and effect of the holdings in all the Texas cases upon the point cited and relied on by appellants, the principal ones being Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Hinzie v. Robinson, 21 Tex. Civ. App. 9, 50 S. W. 635; Penn v. Texas Yellow Pine Lumber Co., 35 Tex. Civ. App. 181, 79 S. W. 842; Pierson v. Sanger Bros., 93 Tex. 160, 53 S. W. 1012; Golden v. Walker, 153 S. W. 683; Beaton v. Fussell, 166 S. W. 458; Diffie v. White, 184 S. W. 1065; Taffinder v. Merrell, 95 Tex. 95, 65 S. W. 177, 93 Am. St. Rep. 814; Petty v. Wilkins, 190 S. W. 531; Waterhouse v. Gallup, 178 S. W. 773.

A close reading discloses that in each and all of the cases one or another of conditions which may be thus summarized existed: There was either: (1) A much more definite and particular description of the land than is the case here, in that such matters as the state, county, or survey of its location, the name of the person to whom and the date when it was patented, or a reference to the records of the named county for further description, was given; or (2) in aid of an otherwise insufficient description there appeared some definite recitation equivalent—or held by the court in some of the cases to be tantamount—to a statement that the land sought to be conveyed was that belonging to, owned by, or the property of, a certain named person or estate within a designated town, city, survey, county, and state, or other fixed locality; in a word, data which easily furnished the means of identification by simply ascertaining from extraneous sources what land was so owned. But we have not been cited to nor otherwise found any case holding that the mere fact of executing an instrument insufficiently attempting to describe land which might, by an ad libitum range into the records of some county not therein mentioned, or into a field of parol inquiry not referred to or trenched upon, be made to fit a particular tract in that county found by such unconnected outside processes to be owned by the maker of the instrument, was tantamount to a recitation in the instrument itself that he was the owner of that tract; and, until that could be held, it seems to us there must remain a chasm between the situation here presented and the applicability of the principle governing the cases last mentioned; in other words, the electric spark may not leap the intervening void between a writing so inherently deficient in description of the land as this one and an outlying mine of record, fact, and circumstance which might illumine its dark places and supply its missing links.

As has been stated, we think appellants' own cases fortify these conclusions, as well as the following additional ones cited by the appellees: Boyce v. Hornberger, 29 Tex. Civ. App. 337, 68 S. W. 701; Rosen v. Phelps, 160 S. W. 105; Harris v. Shafer, 86 Tex. 314, 23 S. W. 979, 24 S. W. 263; Edrington v. Hermann, 97 Tex. 193, 77 S. W. 408; Cammack v. Prather, 74 S. W. 354; Zanderson v. Sullivan, 91 Tex. 499, 44 S. W. 484.

In conclusion, it may be well to set out as a fact finding that the extrinsic matters tendered by appellants in aid of and in connection with the proffered instrument, which the trial court for the reason above given excluded along with it, consisted of their offer by competent proof to establish as facts the following:

(a) That Damon was in Brazoria county, Tex.

(b) That O. J. Ramdohr, who executed the instrument, resided in that county at the time of its execution, immediately or within four or five days after which it was delivered to Kellner and Dickson, and by them filed with the county clerk of such county for record, and was in fact at the same time recorded in the deed records there.

(c) That Ramdohr, one of the defendants, carried the plaintiffs Kellner and Dickson on the land and pointed out to them the land being conveyed, the particular description of which was shown by the field notes contained in plaintiffs' amended original petition.

(d) That there was an E. S. Jones one-third

league of land in Brazoria county, Tex., and no other survey of that description anywhere else in Texas.

(e) That in fact $50 of the consideration was paid, instead of the $25 named in the instrument, which had never been returned or paid back by Ramdohr or any other person to the plaintiffs.

(f) By parol declarations that the particular land described in plaintiffs' petition was the land intended to be described in the instrument sued upon.

(g) That Ramdohr had before the making of the instrument to the plaintiffs owned a tract of land in this survey amounting to some 75 acres; that he had sold smaller tracts to various and sundry people, so that at the time the instrument was made, to wit, on the 1st day of July, 1908, he owned only the amount of acres of land in this tract mentioned in the instrument in writing so executed by him, that is, 29 acres.

The conclusions stated require an affirmance of the judgment, and it has been so ordered.

Affirmed.