### HOPKINS et al. v. WALTERS et al. (No. 1656.)

(Court of Civil Appeals of Texas. Amarillo. June 23, 1920. Rehearing Denied Oct. 6, 1920.)

1. **Mortgages** ⊂⊃38(1)—**Evidence held to justify finding deed not intended as mortgage.**

In suit by daughter to partition her parents' land, evidence *held* to justify the trial court's finding that the daughter's deed, delivered to defendants' predecessor with the grantee blank, was not intended, as she claimed, as a mortgage.

2. **Deeds** ⊂⊃105—**Instrument with grantee's name blank conveyed to person previously mentioned.**

Deed executed by married woman and her husband, reading that they, "for and in consideration of $60 to us in hand paid by J. L. M., the receipt of which is hereby acknowledged, have granted, sold, and conveyed, and by these presents do grant, sell, and convey unto the said ———," conveyed to J. L. M.; "said" referring to the before or previously mentioned person.

3. **Deeds** ⊂⊃11 — **Grantor cannot convey to himself.**

A grantor cannot ordinarily convey to himself.

4. **Deeds** ⊂⊃97—**Repugnant habendum clause may be rejected.**

The entire habendum clause of a deed may be rejected, if repugnant to other clauses, and defeating the conveyance, as through its recital that the grantee is to hold the premises "unto the said [grantors], their heirs," etc., since a repugnant clause will not be given effect to destroy the deed.

5. **Deeds** ⊂⊃95—**Clause which cannot be harmonized will be interpreted favorably to grantee.**

If the language of a clause of a deed, as the habendum, cannot be harmonized with the rest of the instrument, such interpretation will be adopted as is most favorable to the grantee.

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Deeds ☞38(1)—Description sufficient as furnishing means of identification.**

Deed executed by plaintiffs in partition to defendants' predecessor *held* to have pointed out with sufficient definiteness 160 acres in a survey of which plaintiffs conveyed a one-tenth interest; a description being sufficient if it furnishes means of identification.

**7. Estoppel ☞38—Title to after-acquired interest passed by deed with covenants.**

If a daughter did not own as much of her parents' land as she attempted to convey, owning merely her mother's and not her father's interest, her after-acquired interest from her father on his death passed by estoppel under her warranty deed.

**8. Vendor and purchaser ☞242—Burden on grantor to show that subsequent purchasers were not for value and with notice.**

If the deed of plaintiff in partition to defendants' predecessor was valid, then defendants had legal title, and the burden was on plaintiff to show that defendants and their vendors were purchasers without value and with notice of the facts constituting the deed a mortgage.

Appeal from District Court, Collin County; T. E. Wilcox, Judge.

Suit for partition by Alice Hopkins and G. L. Hopkins, her husband, against J. H. Walters and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

L. J. Truett, of McKinney, for appellants.

Smith & Abernathy and E. W. Merritt, all of McKinney, for appellees.

HUFF, C. J. Alice Hopkins, joined by her husband, G. L. Hopkins, brought suit against J. H. Walters, Willie Hendricks, a minor, and several other parties, to partition 160 acres of land in Collin county, Tex., out of 960-acre survey in the name of W. W. Roberts. The land in question is described as beginning at the northwest corner of the Roberts survey; thence east 2,216 feet, with the north boundary line of the survey; thence south 3,147 feet; thence west 2,216 feet, to the west boundary line of said survey; thence north 3,147 feet, to the beginning. Mrs. Hopkins claims 33/360 part thereof as an heir of N. L. and Mary Hendricks, deceased. It is alleged that her parents, during their lifetime, occupied the 160-acre tract, together with 27½ acres out of the same survey and adjoining the other tract, as their homestead. It appears, after the trial had progressed, the appellant filed a trial amendment, alleging:

"That on or about the 24th day of October, 1904, plaintiff executed and delivered to one J. L. McGee an instrument in writing, such instrument being to the tenor as follows, to wit:
" 'The State of Texas, County of Collin.
" 'Know all men by these presents that we, R. L. Scott and Alice Scott, wife of R. L. Scott and daughter of N. L. Hendricks and Mary Hendricks (deceased), of the county and state aforesaid, for and in consideration of $60 to us in hand paid by J. L. McGee, the receipt of which is hereby acknowledged, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said —— all that certain property described as follows, to wit: Their undivided interest in the N. L. Hendricks and Mary Hendricks (deceased), containing 160 acres in the northwest corner of W. W. Roberts survey, being one-tenth interest of the R. L. Scott and Alice Scott, wife of R. L. Scott, daughter. of N. L. Hendricks and Mary Hendricks (deceased). To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereunto in any wise belonging unto the said R. L. Scott and Alice Scott, heirs and assigns, forever. And we hereby bind' ourselves, heirs, executors, and administrators to warrant and forever defend all and singular the said premises unto the said 'J. L. McGee, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof.
" 'Witness my hand this the 24th day of Oct., A. D. 1904.　　　　R. L. Scott.
" 'Alice Scott.'
"Said instrument was duly acknowledged by the grantors and was filed for record in the office of the county clerk on, to wit, December 29, 1904, and is of record in Vol. 131, p. 134, of Collin County Deed' Records. Plaintiff Alice Hopkins is the daughter of said N. L. Hendricks and Mary Hendricks, and at the time she married the plaintiff G. L. Hopkins he was going under an assumed name, to wit, R. L. Scott, and she married him under that name, and they were living together in the name of R. L. Scott and Alice Scott at the time of the execution of said instrument. Plaintiff alleges that the consideration recited in said instrument was a loan, made by said J. L. McGee to plaintiffs, at or about the time of the execution of the same, and the said instrument was intended as a mortgage or deed of trust to secure the payment of said $60; that through fraud on the part of said J. L. McGee said instrument was drawn in the form of a warranty deed, and the said J. L. McGee fraudulently caused the draftsman to draw the instrument in the form of a warranty deed. If mistaken in the allegation that said McGee fraudulently caused said draftsman to draw said instrument in the form of a warranty deed, then they allege that said instrument was so drawn by mistake on the part of plaintiffs and said McGee and said draftsman.
"Plaintiff further alleges that at the time of the execution of said instrument the said Mary Hendricks was deceased, and the said N. L. Hendricks occupied the 160 acres of land mentioned and described in plaintiff's said petition as a homestead; that there were ten children of said Mary and N. L. Hendricks, and he had two children by his second wife; that at the time of the execution of said instrument, plaintiff Alice Hopkins owned and was entitled to a one-tenth interest in an undivided one-half of said 160 acres, the same being community property of N. L. and Mary

Hendricks, subject to the homestead rights of said N. L. Hendricks; that in giving said instrument plaintiffs intended to give a mortgage on their one-tenth interest in their mother's estate, and they did not intend to include their expectancy in the estate of said N. L. Hendricks; that through the fraud of said J. L. McGee said draftsman undertook to include the expectancy of plaintiff in the estate of N. L. Hendricks in the property conveyed by said instrument; that, if mistaken in this allegation, then they allege that the instrument was so drawn by mutual mistake on the part of said draftsman and on the part of plaintiffs and said J. L. McGee. * * *

"Wherefore plaintiff prays that said instrument be construed by the court, and if the court holds said instrument is not void, then plaintiff prays that said instrument be reformed by the court, so as to express the intention of the grantors therein at the time of its execution, and that it be adjudicated to be a mortgage; that plaintiff have judgment for said land, for costs of suit, and for all general, special, and equitable relief as prayed for in the amended original petition."

The defendants file a general denial to the amended original petition and the trial amendment, and further answering they allege, if plaintiffs had any equitable title or right, which was denied, they say that those under whom they claim were and are bona fide purchasers for value of said land and premises, without notice. Willie Hendricks, the minor, answered by a guardian ad litem that his ward was entitled to 11/360 of the tract of land involved. During the trial it appears he filed an instrument stating that the evidence had developed that there is another tract of land belonging to the estate of 27½ acres, which was not then before the court for partition, and that the parties owning the same were not before the court. The guardian, therefore, asks that no partition of the estate then be had in the pending suit, but that he might withdraw his answer without prejudice to bring another suit for partition of the entire estate. The trial court, by judgment, decreed that appellants had no right, title, or interest in the lands sought to be partitioned and the court further granted Willie Hendricks' request, as made by the guardian ad litem, to withdraw her answer for partition in the case, without prejudice to her right to institute a separate suit to have partition. There was no jury in the case, and the trial court filed findings of fact.

This case turns upon the validity of the deed set out in the trial amendment. The deed constitutes a link in the chain of title to the appellees, who claim to be the present owners of the land. The facts establish that appellants, at the time of making the deed, were going under the name of Scott, as alleged in the trial amendment. Alice Hopkins is a daughter of N. L. and Mary Hendricks, deceased. Hendricks and his wife, Mary, in their lifetime, occupied the 160 acres of land, together with 27½ acres in the same survey, as their homestead. Alice Hopkins is one of ten children, the fruits of the first marriage. Mary Hendricks died in 1892, intestate. N. L. Hendricks married a second wife, by whom he had two children, and after the death of the second wife he again married a third, and continued to occupy the land until his death, in December, 1912. N. L. Hendricks left a will, naming his third wife, Lula Hendricks, executrix. By the will he gave this wife a life estate in his half of the two tracts of land, and after his death his interest was to be sold and the proceeds divided among his twelve children, giving to each 1/12 thereof. The will was probated. The third wife died in 1913.

The evidence shows that just before and at the time of the execution of the deed Alice Hopkins was in straitened circumstances, the neighbors helping her financially, and also that McGee, the grantee in the deed, had also contributed to her support. Her children were sick, and she was desirous of obtaining money, in order that she might move to Oklahoma, and to that end she had made efforts to sell the land. It seems this matter was discussed in the neighborhood, as to the condition of the land and the title. Her father was then living and occupying the land, and it was difficult to find a purchaser of the interest in the condition of the then title. One witness testified he knew of the sale and deed to McGee; that Mrs. Hopkins told him she had sold her interest in the land to McGee, which she claimed through both her father and mother. She had offered to sell the land to this witness, offering her entire interest in both her mother's and father's estate. This witness also states:

"She was not to get possession of the land until Mr. Hendricks' death, and no one would pay her what it was worth."

[1] We believe the trial court was justified in finding the deed was not intended as a mortgage. The trial court also found and set out the deed in his findings, in the same language as used by the appellants in their trial amendment. The statement of facts set out the deed, which we infer was originally drawn on a printed form for a warranty deed, which was prepared to recite that part of the purchase money was not paid. It would appear, on inspecting the deed in the statement of facts, that it was the purpose of the parties to erase such portion of the deed as provided for deferred payments by placing two wavy lines diagonally through that portion. One of the lines drawn is brought down, as shown by the statement of facts, between the words "sell and convey unto" and the word "said," and stops at that point. The words of conveyance are not erased, or a pen run through

them. The original deed is not in this record. The following was entered at the trial·

"It is agreed that there is only one W. W. Roberts survey in Collin county, Tex., and that is the survey in which this 160 acres of land in controversy is located."

There are a number of assignments which present the issue as to the validity of the deed made by appellants to McGee; also assailing the court's judgment thereon, and his action in admitting the deed in evidence. If the trial court's interpretation of the deed is correct, the judgment was necessarily properly entered. The assignments may be disposed of under three heads:

(1) Was the deed void because there was no grantee?

(2) Or because the description of the land is insufficient? and

(3) Does it convey the interest inherited by appellant Alice Hopkins from her mother and her expectancy in her father's estate?

[2] It will be noted in the premises of the deed as pleaded by the appellants in their trial amendment, and as found by the court, that it is recited "that" Alice Scott and R. L. Scott, for and in consideration of $60 to us in hand paid by J. L. McGee. the receipt of which is hereby acknowledged, have granted, sold, and conveyed, and by these presents do grant, sell, and convey, unto the said ————." The grantee's name is left blank. Ordinarily courts cannot supply the blank with a name or necessary word·to complete the deed. This deed conveys to said, or, in other words, to the before-mentioned, or previously mentioned, person. McGee is one who precedes or goes before the word "said."

"The reference of the word 'said' is to be determined in any given case by the sense. 'Same' refers to the next antecedent; but in the interpretation of a written instrument the word 'said' does so only when the plain meaning requires it. 2 Kent, 555." Rawle's Rev. Bouvier's Law Dictionary, vol. 3, p. 2982.

The plain meaning requires the reference to McGee, which clearly indicates McGee is understood as the grantee. If there is any ambiguity in the sentence, the evidence in this case and appellant's statement ·in the trial amendment removes it. The appellant tried to sell the land, and contemporaneously with the execution of the instrument admitted she had made it to McGee; and appellant, in her testimony admits executing the instrument to McGee, but in doing so sought to state it was executed to secure money on a loan to her by McGee. Appellant acknowledged the instrument, and the statutory form for single acknowledgment and for the wife's separate acknowledgment was used and attached to the deed. It appears to be appellant's contention in this court that the lines drawn across the deed eliminate all of the granting and conveying clause. The trial court had the original before him, and evidently did not find the words of conveyance eliminated. The failure to fill the blank is manifestly a clerical omission.

[3-5] Read in the light of the recitals that McGee paid the consideration, and the warranty clause, to defend all and singular the premises "unto the said L. J. McGee, his heirs and assigns," makes it reasonably certain that he is the grantee therein. It would be an absurdity to say that for the consideration paid by McGee appellants conveyed the land to themselves and warranted the title to McGee. A grantor cannot ordinarily convey to himself. 13 Cyc. 527. This deed is, however, further complicated by the ·habendum clause, in reciting:

"To have and to hold the above-described premises, together with all and singular the rights," etc., "unto the said R. L. Scott and Alice Scott, their heirs," etc.

This clause is so repugnant to the other clauses in the deed, if it is permitted to control, it would defeat the instrument as a conveyance. The entire habendum clause may be rejected, if repugnant to other clauses, and would defeat the conveyance. A repugnant clause will not be given effect, so as to destroy a deed. Moore v. City of Waco, 85 Tex. 206, 20 S. W. 61; Martin v. Rutherford, 153 S. W. 156; Cartwright v. Trueblood, 90 Tex. 535, 39 S. W. 930. If the language cannot be harmonized, then that interpretation will be adopted which is most favorable to the grantee. Cartwright v. Trueblood, supra. There are cases which say the grantor or grantee may be pointed out in the habendum clause; but, as pertinently inquired by Judge Gaines:

"If the grantor may be pointed out in the habendum, why not in the covenant of warranty?" Vineyard v. O'Connor, 90 Tex. 59, 36 S. W. 424; Snow v. Gallup, 57 Tex. Civ. App. 572, 123 S. W. 228(9).

We think the whole instrument is consistent with the theory that McGee was intended to be the grantee ·therein, and no other possible contention can ·reconcile its peculiar provisions. The appellants rely on the case of Wright v. Lancaster, 48 Tex. 250. It will be noted that in that case, as pointed out by Judge Roberts, the deed did not show who paid the consideration, had no words of conveyance, was without a habendum clause, and without warranty. He cites the case of Brown v. Manter, 21 N. H. 528, 53 Am. Dec. 223, a New Hampshire case, with apparent approval, which, as referred to, seems to sustain the deed in this case. We do not think the deed void for want of a named grantee.

[6] The next contention is the description or identity of the land conveyed it is asserted renders the deed void. It was agreed·upon the trial that there was only one W. W. Roberts survey in Collin county, Tex., and that

it is the survey in which this 160 acres of land in controversy is located. It is not controverted that this 160 acres was the homestead of Hendricks and his wife, appellant's mother. Mrs. Hopkins testified:

"At that time they owned this 160 acres. It was in the W. W. Roberts survey, in Collin county. It is located in the northwest corner of the W. W. Roberts survey. They were living on a tract of land adjoining the 160 acres; that is the only 160-acre tract that they owned in that Roberts survey, and they owned no 'other 160-acre tract of land in Collin county, that I knew of."

The deed is to all that certain property, appellant's "undivided interest in the N. L. Hendricks and Mary Hendricks (deceased), containing 160 acres in the northwest corner of "the Roberts survey." A description is sufficient in a deed if it furnishes the means of identifying the land. Without entering into a discussion of the description, we think it points out with sufficient definiteness the 160 acres, of which appellant conveyed a $1/10$ interest. Slaughter v. Dallas, 101 Tex. 315, 107 S. W. 48; Cunyus v. Hooks, 20 Tex. Civ. App. 290, 48 S. W. 1106; Hinzie v. Robinson, 21 Tex. Civ. App. 9, 50 S. W. 635; Taffinder v. Merrell, 95 Tex. 95, 65 S. W. 177, 93 Am. St. Rep. 814. The description was such in this deed as rendered it possible to identify the land and make certain that which was conveyed by the deed.

[7] The deed, we think, conveyed a $1/10$ interest in the entire 160 acres of land. The evidence is sufficient to show the appellant was conveying the interest inherited from her mother, then deceased, as well as her expectancy in her father's half. She was entitled to a $1/10$ interest in her mother's estate, and after her father's death entitled to $1/12$ of his interest in the land. We believe the deed conveyed a $1/10$ interest in the 160 acres. If appellant did not own that much at that time, her after-acquired interest from her father passed by estoppel under the warranty deed. The title to appellees, actually held through appellants, is not as much as appellants attempted to convey by the deed.

[8] The appellants, we think, failed to establish that the deed so executed was in fact a mortgage. The trial court's finding in that particular we believe to be sustained by the record. The question of innocent purchaser is not material under our disposition of the other assignments. If the deed was valid then the appellees had the legal title, and the burden was upon appellants to show that appellees and their vendors were purchasers, without paying value, and with notice of the facts constituting the deed a mortgage. The trial court's findings of fact on the above issues are justified, we believe, by the record.

The judgment will be affirmed.